UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Pulse Creations, Inc.**<br><br>　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**Hana Financial, Inc., DOES 1 through 10,**<br><br>　　　　　　**Defendants.** | Civil Action No.  20-cv-8799<br><br>**COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Pulse Creations, Inc. ("Pulse" or "Plaintiff"), by and through their attorneys, KAKAR, P.C., for its Complaint against the Defendant Hana Financial, Inc. ("Hana" or "Defendant") and DOES Defendants, (together, collectively, "Defendants") alleges as follows:

## NATURE OF ACTION

1. Plaintiff is a seasoned apparel manufacturer, wholesaler and distributor of apparel and related products throughout the United States and beyond. On the other hand, Defendant is a financial firm, that describes itself as one of the nation's leading non-banking specialty commercial lender, even though it routinely engages in banking activities and imitates the hallmark activities and transactions of a bank, as described herein. Expressly, *inter alia*, Defendant caused Plaintiff to enter a heavy-handed Factoring, Loan and Security Agreement ("Factoring Agreement") that favors the Defendant. Despite Plaintiff's compliance with the Factoring Agreement, the Defendant now refuses to submit and pay the Plaintiff the lawful funds, monies and equities owed.

## THE PARTIES

2. Pulse is a corporate entity not only headquartered in New York, New York, but is

1

also organized under the laws of New York. Pulse maintains its offices at 1410 Broadway, Suite 1804, New York, NY 10018.

3. Hana is a financial firm organized under the laws of California, that maintains an office at 1410 Broadway, Suite 1102, New York, NY 10018, within the same building as Plaintiff. Upon information and belief, Hana is also headquartered in California, at the following address: 1000 Wilshire Blvd., 20th floor, Los Angeles, California, 90017.

4. DOES Defendants, and each of them, are parent or subsidiary entit(ies), agents, alter egos, predecessors or successors, of the Defendant that are related to, caused, controlled, and/or directed the causes of action, harm or claims set forth herein.

## JURISDICTION AND VENUE

5. This Court also has subject matter jurisdiction in this action through the diversity of the parties, 28 U.S.C. §1332 and 1367. The sum in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue and jurisdiction is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants conducts business in this judicial district, this Court has personal jurisdiction over the Defendants, a substantial part of the events giving rise to the claims occurred in this judicial district, and the Plaintiff was harmed by Defendant's conduct within the concerned district.

## FACTUAL BACKGROUND

7. Hana (among other financial, lending and/or banking related activities) is in the business of providing factoring and credit facility services to businesses across the country.

8. A factor is a financial firm that, inter alia, purchases accounts receivables from a

company—such as the Plaintiff—and essentially serves as a funding source for the said company. In a factoring arrangement the factor agrees to pay the company (without delay for the terms of the invoice) the value of its invoices less a discount for commission and fees. Put simply, the factor advances most of the invoiced amount to the company immediately and the balance upon receipt of funds from the invoiced party. In addition to this, factors will loan a company money against the valid, current and salable inventory that the company holds.

9. The purpose of factoring is to provide immediate funds to the company, against the interests and rights to bona fide invoices, so that the company has liquid capital to put to work and pay the bills and operating costs of the business while they wait for their retail customers to pay their invoices. In exchange for this immediate working capital, a factor charges handsome fees, commissions, and takes a strong position into access, custody and control of the company's business, books, and finances.

10. Given that the lending of money by a factor is securitized by bona fide invoices for goods sold and delivered, which the factors reserves the right to review, scrutinize and approve, the lending is deemed to be of limited risk on the part of the factor. Put simply, over the course of time and terms that the factor has allowed, the factor is comfortable in knowing that a third party retailer (who the factor has reviewed and scrutinized for solvency) will pay back the portion of the invoiced amount advanced to the company.

11. Hana is a factor.

12. Pulse is a company that is in the wholesale business providing apparel and accessories to national and international retailers.

13. On or about May of 2007, Hana saw an opportunity to have Pulse and its principals

enter into the Factoring Agreement with Defendant.

14.     The Factoring Agreement is invasive into and controlling of the confidential and proprietary business information and operations of Pulse, whereby, *inter alia*, compelling Pulse to "agree[] to sell, assign and transfer to Hana . . . all of Client's Accounts, with full power to Hana to collect and otherwise deal with such Accounts as the sole and exclusive owner thereof."

15.     The Factoring Agreement's blanket control and command of Pulse is also exhibited by the fact that Pulse cannot relocate or move its financial books and records pertaining to its accounts or inventory without giving Hana thirty (30) days prior written notice.

16.     The Factoring Agreement's terms creates a fiduciary relationship between Plaintiff and Defendant.

17.     The Factoring Agreement, namely under Section 2.3 and 2.4, provided the Defendant with handsome fees and commissions, all of which have been timely and duly provided for by Plaintiff.

18.     The Factoring Agreement Section 9 is titled "Events of Default." Under this section of the Factoring Agreement there are fifteen (15) potential itemized events that classify "Events of Default." Not a single one of the fifteen itemized events concern any of the representations, warranties, obligations, responsibilities and actions of the Defendant.

19.     The Factoring Agreement is drafted to be heavy handed, without sufficient bargain for Plaintiff, and thus, patently bias to favor only Defendant.

20.     Part of its heavy handed and inequitable tactics, Defendant forced Plaintiff to deposit one hundred fifty thousand ($150,000) dollars with the Defendant underscored by a Promissory Note ("Note"), which was executed as a sealed instrument by Susan Lee, Senior Vice

President of the Defendant.

21. As of September 2020, the Note has earned at least fifty thousand ($50,000) dollars in interest.

22. As exhibited patently on the Note, the Note is drafted to serve as an additional security in the interest of the Factoring Agreement, allowing Defendants to use the Note deposits to service any perceived obligations of the Plaintiff.

23. The principal and interest on the Note, together, owed to Plaintiff is in excess of two hundred thousand ($200,000) dollars.

24. The Plaintiff's obligations under the Factoring Agreement are fully met.

25. The Plaintiff's retail customers have rendered payment on all invoices duly assigned to Hana. After addressing all commission and fees, there is a surplus in the Plaintiff's credit funds account related to the Factoring Agreement.

26. After deducting fees and commissions, Hana is unlawfully holding onto and not remitting over one hundred twenty-three thousand ($123,000) dollars of payment against Pulse's invoices.

27. As recently as August 2020, Pulse has demanded repayment of the Note and interest thereon, and the surplus balance in Pulse's factoring account.

28. As recently as August 2020, Hana has admitted that the Note and interest thereon, and the surplus balance in Pulse's factoring account is due and owed to Pulse.

29. Hana is aware and acknowledges that it owes Pulse at least three hundred twenty-three thousand ($323,00) dollars in good and valuable funds immediately.

## COUNT I
## BREACH OF PROMISSORY NOTE

30. Plaintiff repeats and realleges each of the preceding allegations as if set forth in full herein.

31. Through representations made to the Plaintiff as recently as August 2020, Defendants admit the Note exists, as duly executed by Hana's Senior Vice President.

32. Through representations made to the Plaintiff as recently as August 2020, Defendants admit that the value of the Note with interest, equaling no less than $200,000 is immediately due and owed to the Plaintiff.

33. The Note states, in relevant part, *inter alia*, "[Hana] agrees to remain fully bound until this note shall be fully paid and further agrees to remain bound." Thus, Hana has an unambiguous promise and obligation to pay Pulse the value of the Note and all interest incurred.

34. The Defendants have failed to pay sums due and owed under the Note, and admittedly knows that such funds are due and owed under the Note.

35. Pulse has performed all conditions and obligations under the Note, from which Hana has greatly benefitted.

36. Pulse has suffered harm due to Hana's unlawful breach of its obligations to pay under the Note.

37. As a direct and proximate result of the foregoing, Pulse has suffered damages in an amount to be proven at trial, but on information and belief, Defendants' have caused damage or will cause damage to Plaintiff well in excess of $323,000.

## COUNT II
## BREACH OF CONTRACT

38.     Plaintiff repeats and realleges each of the preceding allegations as if set forth in full herein.

39.     Hana withheld and is holding paid invoices, accounts receivables, and/or payments from Pulse's customers, in explicit violation of the Factoring Agreement.

40.     Pulse was unable to collect its legally, contractually and/or equitably owed monies under the Factoring Agreement, as Hana is knowingly and willfully holding onto the cash surplus in the Pulse's factoring account after paying Defendant's own commissions and fees.

41.     Pulse has performed all conditions and covenants under the Agreement, from which Hana has greatly benefitted.

42.     Pulse has suffered harm due to Hana's unlawful withholding and suppression of credited funds owed to Pulse in breach of Defendant's contractual obligations as per its self-drafted and self-serving Factoring Agreement.

43.     As a direct and proximate result of the foregoing, Pulse has suffered damages in an amount to be proven at trial, but on information and belief, Defendants' have caused damage or will cause damage to Plaintiff well in excess of $323,000.

## COUNT III
## BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

44.     Plaintiff repeats and realleges each of the preceding allegations as if set forth in full herein.

45.     This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will refrain from doing things that frustrate the purpose of the relevant agreement(s).

46. Defendants breached the implied covenant of good faith and fair dealing by failing to timely submit and give Pulse the funds owed to Pulse as per the Factoring Agreement and Note—funds essential and necessary for the day to day operation of Plaintiff's business.

47. Despite the clear duty Defendants owed to Pulse for full remittance of monies duly owed to Pulse as per the factoring relationship, Note and the Factoring Agreement between the parties, Defendant knowingly and willfully held back funds from Pulse that Defendant knew—given its role as the factor for Pulse—was essential and necessary for the operation and maintenance of Pulse's business.

48. Defendants' illicit acts on display herein directly and proximately caused harm to Pulse.

49. Plaintiff accordingly seeks damages in an amount to be proven at trial for the breach of the implied covenant of good faith and fair dealing from Defendants for the breach and unlawful acts of Defendants. On information and belief, Defendants' have caused damage or will cause damage to Plaintiff well in excess of $323,000.

## COUNT IV
## ACCOUNT STATED

50. Plaintiff repeats and realleges each of the preceding allegations as if set forth in full herein.

51. Plaintiff and Defendants have entered into a series of continuing prior transactions underwritten by, inter alia, the Note and the Factoring Agreement.

52. The accounting, balance, commissions, and payments of the transactions between Pulse and Hana are agreed to as per the Factoring Agreement, Note, and/or other documents underscoring the transactions between Pulse and Hana.

53.     The account stated in the Factoring Agreement, Note, and other documents underscoring the transactions between Pulse and Hana set forth an irrevocable and enforceable promise(s) from Hana to Pulse for the payment, monies, funds and/or other monetary benefit or gain duly owed to Pulse as per the Factoring Agreement, Note, and/or other documents underscoring the transactions between Pulse and Hana.

54.     Plaintiff accordingly seeks damages in an amount to be proven at trial for the account stated as discussed herein. On information and belief, Defendants caused damage or will cause damage to Plaintiff well in excess of $323,000.

## COUNT V
## BREACH OF FIDUCARY DUTY & SELF DEALING

55.     Plaintiff repeats and realleges each of the preceding allegations as if set forth in full herein.

56.     Defendants are aware through the Factoring Agreement, Note, and/or other documents underscoring the agreements and transactions between Pulse and Hana since 2007, that, inter alia, Hana owns, and Pulse duly disclosed and submits to Hana, any and all accounts receivables, invoices and/or payments of Pulse. In its role as a factor and as through the said agreements, Hana has substantial control, custody and/or insight into the books, business operations and confidential financial information of Pulse.

57.     Hana has knowingly and illegally curtailed and kept the monies, credits, and/or payments owed to Pulse by perversely withholding cash accounts either deposited by Pulse or through bona fide payments made by Pulse's customers.

58.     Hana has brazenly practiced a pattern of deceit, concealment and self-dealing that is adverse and harmful to the interests and business of Pulse, and therefore, Hana has breached its

fiduciary duty.

59. Plaintiff has suffered directly and proximately from Hana's fiduciary breach, and thus, Pulse seek damages for this breach, for an amount to be established at trial, but on information and belief, Hana has caused damage or will cause damage to Plaintiff well in excess of $323,000.

## COUNT VI
## UNJUST ENRICHMENT

60. Plaintiff repeats and realleges each of the preceding allegations as if set forth in full herein.

61. By curtailing, concealing, and/or withholding monies and/or payments from Plaintiff, Hana benefited from the nonpayment and withholdings of monies that duly belong to Plaintiff.

62. By curtailing, concealing, and/or withholding monies and/or payments from Plaintiff, Hana benefitted from and gained from the monies and funds that are duly owed to Pulse.

63. The laws of contracts, laws of equity, and good conscience require the return of damages suffered by Plaintiff due to Hana's unjust enrichment.

64. The laws of contracts, laws of equity, and good conscience require the interest accrued, at prevailing market rates, on the monies owed to Pulse but unlawfully diverted and kept by Defendants.

65. Plaintiff has suffered directly and proximately from Defendants unjust enrichment in an amount to be established at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendants, and each and every one of them, and that the following relief be granted:

A. That Defendants be held liable for breach of contract, in an amount due to the Plaintiff under the contract and agreements in accordance with the proof at trial;

B. That Defendants be held liable for breach of the Promissory Note, in an amount due to the Plaintiff under the agreements in accordance with the proof at trial;

C. For damages due to the Plaintiff because of the Defendants' conduct and acts complained of above causes of action, and in accordance to the proof at trial;

D. For any and all pre-judgement interest as allowed by law;

E. For all costs and attorneys' fees allowed by law and/or as an operation of contract;

F. That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' unlawful acts and to account for and pay to Plaintiff all gains, profits and advantages derived by Defendants from said unlawful acts, and that such award for damages be trebled and/or punitive due to the willful and wanton nature thereof; and

G. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated: October 16, 2020
      New York, New York

Respectfully submitted,

**KAKAR, P.C.**

By:
   /s/ *Sumeer Kakar*_____
Sumeer Kakar, Esq. (SK 0913)
SK@KAKARLAW.NET
525 Seventh Avenue
Suite 1810
New York, NY 10018
212-704-2014
*Attorneys for Plaintiff*